IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DERRICK JACKSON,

    Petitioner,

v.                                    Civil Action No. 3:18CV601

J. RAY ORMOND,

    Respondent.

**MEMORANDUM OPINION**

Derrick Jackson, a federal inmate proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2241. ("§ 2241 Petition," ECF No. 1.) Jackson contends that he was improperly classified as a career offender in light of the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015) and Descamps v. United States, 570 U.S. 251 (2013). The Government filed a RESPONSE IN OPPOSITION TO PETITION UNDER § 2241. ("Response in Opposition," ECF No. 9.) Thereafter, Jackson filed a PETITIONER'S REPLY IN OPPOSITION TO RESPONDENT'S RESPONSE IN OPPOSITION. ("Reply," ECF No. 10.) For the reasons set forth below, the § 2241 Petition will be denied.

**I. PROCEDURAL HISTORY AND CLAIMS**

On September 19, 1996, in the United States District Court for the District of Maryland ("Sentencing Court") Jackson was charged with possession with intent to distribute heroin and cocaine (Count One) and possession of a firearm by a convicted

felon (Count Two). (ECF No. 9-1, at 1-3.)[1] On March 11, 1998, after a jury trial, Jackson was found guilty of Counts One and Two. (Id. at 6.)

At sentencing, as set forth in his Presentence Investigation Report ("PSR," ECF No. 12) Jackson was determined to be a career offender because:

> [T]he defendant was sentenced in the U.S. District Court on 5/4/76 for Bank Robbery and on 10/1/92 he was sentenced in the Baltimore City Circuit Court for Distribution of Cocaine and Heroin. As these convictions were felonies for either a crime of violence or a controlled substance offense, within the meaning of § 4B1.2, and as the instant offense is a controlled substance offense, this investigator has determined that the defendant may be considered a career offender. § 4B1.1. Pursuant to that section, the offense level is determined by the maximum term of imprisonment authorized by the offense, which in this case is life. The offense level determined under 4B1.1 is 37, rather than the lower level calculated above.

(PSR ¶ 18.)[2] The career offender designation also resulted in a criminal history category of VI. (Id. ¶ 39.) On July 2, 1998, the Sentencing Court entered the Judgment in Jackson's case and sentenced him to 360 months of imprisonment on Count One and 120 months of imprisonment on Count Two, to be served concurrently. (See ECF No. 9-1, at 7-8.) Jackson appealed and the United States

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] In his § 2241 Petition, Jackson ignores the bank robbery and distribution of heroin and cocaine convictions that serve as the predicate offenses for his career offender designation. Instead, he argues that his Maryland convictions for resisting arrest and second-degree assaults no longer qualify as crimes of violence. (§ 2241 Pet. 10-11.)

2

Court of Appeals for the Fourth Circuit affirmed the decision of the Sentencing Court. (See id. at 8.)

Thereafter, Jackson filed a 28 U.S.C. § 2255 motion. (See id.) On April 12, 2001, the Sentencing Court denied the § 2255 Motion. (See id. at 9.) On August 29, 2018, Jackson filed his § 2241 Petition with this Court.

## II.  MOTIONS UNDER 28 U.S.C. § 2255 COMPARED TO PETITIONS UNDER 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)).

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

3

Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," id., as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), cert. denied, 139 S. Ct. 1318 (2019).[4]

---

[4] Until Wheeler, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the

4

Jackson cannot meet the foregoing test for a number of reasons, but fundamentally, as explained below, because he still qualifies as a career offender.

### III. ANALYSIS

At time of his conviction, the then mandatory Sentencing Guidelines stated, in pertinent part that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a) (1997). The Sentencing Guidelines further provided:

> (1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that --
>    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, [("the Force Clause")] or
>    (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

---

conduct of which the prisoner <u>was convicted is deemed not to be criminal</u>; and (3) the <u>prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.</u>

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

U.S.S.G. 4B1.2(1) (emphasis added). Jackson contends that, in light of Johnson v. United States, 576 U.S. 591 (2015)[5] and Descamps v. United States, 570 U.S. 251 (2013), he no longer has two prior felony convictions of either a crime of violence or a controlled substance offense. Jackson is wrong.

Jackson's career offender designation was based on his federal bank robbery conviction and his Maryland conviction for distribution of cocaine and heroin. Jackson does not advance any reason as to why his Maryland conviction for distribution of heroin and cocaine is not a controlled substance offense and a valid career offender predicate. See United States v. Wilson, 595 F. App'x 193, 195 (4th Cir. 2014) (concluding Maryland drug distribution "conviction clearly qualifies as a predicate

---

[5] In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." Id. at 606. The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of 924(e), like the comparable definition in the Sentencing Guidelines, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

'controlled substance offense'" for career offender designation). Furthermore, Jackson's conviction for bank robbery qualifies as a crime of violence under the Force Clause because bank robbery inherently involves "the use, attempted use, or threatened use of physical force." United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (internal quotation marks omitted). Therefore, Jackson was properly classified and sentenced as a career offender. Furthermore, Jackson cannot satisfy the Wheeler test because he fails to demonstrate that any retroactive change in the law has made his sentence erroneous, much less fundamentally defective. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

## IV. CONCLUSION

For the foregoing reasons, Jackson's § 2241 Petition will be dismissed without prejudice for lack of jurisdiction. The action will be dismissed.

The Clerk is directed to send a copy of this Memorandum Opinion to Jackson and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 30, 2020
Richmond, Virginia